UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHUJAUDDIN,

　　　　　　Plaintiff,

　　　v.

CENTRAL INTELLIGENCE AGENCY,

　　　　　　Defendant.

CASE NO. 2:25-cv-02089-JNW

ORDER

## 1.  INTRODUCTION

The Court raises this matter on its own accord. Pro se Plaintiff Shujauddin pursues this action against the Central Intelligence Agency in forma pauperis (IFP). Dkt. No. 4. After reviewing the complaint, Dkt. No. 4, under 28 U.S.C. § 1915(e)(2)(B), the Court finds that Shujauddin fails to state a claim on which relief may be granted.

## 2.  DISCUSSION

When a plaintiff proceeds IFP, Section 1915 requires the Court to dismiss the action if the Court determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is

ORDER - 1

immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)).

Thus, to survive Section 1915 review, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation and quotation marks omitted). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Pro se pleadings, such as the complaint here, are liberally construed when evaluating their sufficiency. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (While *Twombly-Iqbal* imposed a "higher" plausibility standard, they did not alter courts' obligation to construe pro se complaints "liberally when evaluating them under *Iqbal*.").

Shujauddin's complaint fails to meet the pleading standard. Here, Shujauddin's entire Complaint, Dkt. No. 4 at 5, reads as follows. "In 2009 a fake company… announced [an] IT help desk role in Akbar site." Shujauddin applied and was jointly paid by the Afghanistan government by the United States embassy in Afghanistan. "[A]fter the second month, [Shujauddin] decided to leave but [the] CIA who were leading and funding the team of IT in NDS told me that I will be working with them for war on terror and reconstruction of Afghanistan but 12 years and 4

ORDER - 2

months they brought back the Taliban." *Id*. For relief, Shujauddin asks for "recognition of severe damage of reputation, loss of country, loss of friends and family, loss of career, economic deprivation, psychological trauma." He asks for "safety for my kids, their education, job safety and housing plus 25 million dollars for the suffering of such horror for me and my family for my entire IT team." *Id*. Because it is not apparent what claims Shujauddin is bringing against Defendants and the facts surrounding Shujauddin's request for relief, the Court cannot determine that Shujauddin plausibly states a claim on which relief may be granted.

### 3. CONCLUSION

1. The Court DISMISSES the Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice.

2. Shujauddin must file an amended complaint within FOURTEEN (14) days of this order that provides a short, plain, and concise statement of the factual basis for each of Shujauddin's claims as required by Fed. R. Civ. P. 8.

3. The amended complaint will operate as a complete substitute for Shujauddin's original complaint. Thus, any amended complaint must not cross-reference Shujauddin's previous complaints, and must clearly identify the claims, the specific facts that support each claim, which allegations are relevant to which Defendants, when the alleged wrongdoing occurred, and the specific relief requested.

ORDER - 3

4.  Failure to file a proper amended complaint within FOURTEEN (14) days of this order will result in dismissal of this action without prejudice. The Clerk is directed to note this deadline on the Court's calendar.

Dated this 30th day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER - 4